UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION (f/k/a EXXON CORPORATION, including EXXON ENTERPRISES, INC.); ABBOTT LABORATORIES; AB CARTER, INC.; ALCOA, INC. (d/b/a SOUTHEASTERN-KUSAN, INC.); AMERICAN NICKELOID COMPANY; BP AMOCO CHEMICALS COMPANY (f/k/a AMOCO CHEMICALS COMPANY); ARCO METALS COMPANY, INC. (n/k/a ATLANTIC RICHFIELD COMPANY); ATLANTIC RICHFIELD COMPANY; AVX CORPORATION (f/k/a/ AVX CERAMICS); BAE SYSTEMS INTEGRATED DEFENSE SOLUTIONS, INC. (successor to TRACOR AEROSPACE, INC.); BARBER COLMAN COMPANY, INC.; BASF CORPORATION (successor to BADISCHE CORPORATION); BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC (successor to FIRESTONE STEEL PRODUCTS); CAROLINA PLATING COMPANY; CARTEX CORPORATION; CONNELL LIMITED PARTNERSHIP (including MAYVILLE METAL PRODUCTS DIVISION); COOPER INDUSTRIES, LLC. (successor to MCGRAW-EDISON COMPANY); CNA HOLDINGS, INC. (f/k/a/ HOECHST CELANESE CORPORATION and successor to AMERICAN HOECHST CORPORATION and FIBER INDUSTRIES, INC.); C.R. BARD, INC.; DEL MONTE CORPORATION; DUNLOP SPORTS GROUP AMERICAS INC.; EATON AEROQUIP INC. (successor to AEROQUIP CORPORATION); | ) | CIV. NO. |

ELECTRO-PLATING, INC.; FEDERAL CARTRIDGE COMPANY, INC. (successor to FEDERAL HOFFMAN, INC.); FISHER SCIENTIFIC INTERNATIONAL, INC. (successor to APOGENT TECHNOLOGIES and SYBRON CORPORATION); FMC CORPORATION; GANNETT PACIFIC CORPORATION (d/b/a THE GREENVILLE NEWS and f/k/a THE GREENVILLE NEWS-PIEDMONT); GENERAL ELECTRIC COMPANY (successor to RADIO CORPORATION OF AMERICA); GENERAL MOTORS CORPORATION; THE GILLETTE COMPANY (successor to DURACELL INC.); GREENWOOD MILLS, INC.; HONEYWELL INTERNATIONAL INC. (successor to MIDLAND-ROSS CORPORATION and NORPLEX); HSL, INC.(successor to HOLLINGSWORTH SACO LOWELL, INC., PLATT SACO LOWELL CORPORATION, and PSL CORPORATION OF GREENVILLE); INGERSOLL RAND COMPANY (successor to TORRINGTON BEARINGS COMPANY); INVENSYS BUILDING SYSTEMS, INC. (successor to BARBER COLMAN, INC.);JACOBS CHUCK MANUFACTURING COMPANY (successor to JACOBS MANUFACTURING COMPANY); JPS INDUSTRIES, INC. (successor to J.P. STEVENS & CO., INC. and WESTPOINT STEVENS, INC.); KEMET ELECTRONICS CORPORATION; KOHLER CO.; THE KNIGHT PUBLISHING COMPANY, INC.; DANA CORPORATION (on behalf of LIPE CORPORATION a/k/a LIPE CLUTCH PRODUCTS); LIPE CLUTCH PRODUCTS COMPANY; LIPE ROLLWAY COMPANY, INC. (a/k/a/ LIPE AUTOMATION CORP.); LONZA, INC.; MASTER LOCK COMPANY, INC.; METRO MACHINE CORP.; MILACRON INC. (successor to CINCINNATI MILACRON INC.); MILLIKEN & COMPANY; MILLENNUIM HOLDINGS, LLC. (including )
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

SCM PIGMENTS); NASSAU METALS CORPORATION; NATIONAL TANK SERVICE COMPANY OF WISCONSIN, INC.; NI INDUSTRIES, INC.; NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORP. (successor to LUCAS INDUSTRIES, INC. and TRW, INC.); PHILIPS ELECTRONICS NORTH AMERICA CORPORATION (successor to PHILIPS COMPONENTS, INC.; PSC CUSTOM, LP (successor to PENSKE TRUCK SERVICES, INC.); PROGRESS LIGHTING, INC.; QUAKER CHEMICAL CORPORATION; RMAX, INC.; ROBERT BOSCH CORPORATION; ROCKWELL AUTOMATION, INC. (successor to ALLEN BRADLEY COMPANY, INC.); ROCKFORD PRODUCTS CORPORATION; SCHAEFFLER GROUP USA, INC. (successor to ANDREWS BEARING CO. and INA-USA CORP.); SPARTANBURG STEEL PRODUCTS, INC.; SQUARE D COMPANY, INC.; STA-RITE INDUSTRIES, LLC (successor to FLUID CONTROLS, INC.); SEQUA CORPORATION (f/k/a SUN CHEMCIAL CORPORATION); TEXTRON, INC. (successor to THE HOMELITE CORPORATION); TRANSTECHNOLOGY CORPORATION (successor to SPACE ORDINANCE SYSTEMS); TIFCO INC.; TIPPER TIE, INC.; TRIMAS CORPORATION (successor to NI INDUSTRIES, INC.); TYCO ELECTRONICS CORPORATION (successor to COMMUNICATION INSTRUMENTS, INC.); UNION CARBIDE CORPORATION; VISHAY INTERTECHNOLOGY, INC.; VYTECH INDUSTRIES, INC. (successor to STAUFFER CHEMICAL COMPANY'S ANDERSON, SOUTH CAROLINA FACILITY); VOLVO TRUCKS NORTH AMERICA, INC. (successor to VOLVO WHITE TRUCK CORPORATION); WASTE CONVERSION COMPANY, INC.; WATLOW MISSOURI, INC. (f/k/a WATLOW INDUSTRIES, INC.); and )

YORK TAPE AND LABEL, INC., )
)
Defendants. )

COMPLAINT

The United States of America ("United States"), by the authority of the Attorney General of the United States, and through the undersigned attorneys, acting at the request and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

INTRODUCTION

1. This is a civil action under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607, for recovery of costs that have been incurred by the United States in response to a release or threatened release of hazardous substances at and from the Aqua-Tech Environmental, Inc. (Groce Labs) Superfund Site near Greer, South Carolina (the "Site"). The United States also seeks a declaratory judgment pursuant to Section 113(g) of CERCLA, 42 U.S.C. § 9613(g), that all Defendants are liable for future costs of removal and remedial action not inconsistent with the National Contingency Plan, 40 C.F.R. § 300, that will be incurred by the United States in connection with the Site.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Section 113(b) of

CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b) and (c) because the claims arose in this district and the release and threatened releases of hazardous substances that gave rise to the United States' claims occurred in this district.

DEFENDANTS

4. Defendant Exxon Mobil Corporation is a New Jersey corporation with its principal place of business in Irving, Texas. Defendant Exxon Mobil Corporation was formerly known as Exxon Corporation, including Exxon Enterprises, Inc.

5. Defendant Abbott Laboratories is an Illinois corporation with its principal place of business in Abbott Park, Illinois.

6. Defendant AB Carter, Inc. is a North Carolina corporation with its principal place of business in Gastonia, Georgia.

7. Defendant Alcoa Inc. is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania. Defendant Alcoa Inc. did business as Southeastern-Kusan, Inc.

8. Defendant American Nickeloid Company is an Illinois corporation with its principal place of business in Peru, Illinois.

9. Defendant BP Amoco Chemicals Company is a Delaware

corporation with its principal place of business in Warrenville, Illinois. Defendant BP Amoco Chemicals Company was formerly known as Amoco Chemicals Company.

10. Defendant Atlantic Richfield Company is a Delaware corporation with its principal place of business in Warrenville, Illinois. Defendant Atlantic Richfield Company was formerly known as Arco Metals Company, Inc.

11. Defendant AVX Corporation is a Delaware corporation with its principal place of business in Myrtle Beach, South Carolina. Defendant AVX Corporation is the successor in interest to AVX Ceramics.

12. Defendant BAE Systems Integrated Defense Solutions, Inc. is a Delaware corporation with its principal place of business in Rockville, Maryland. Defendant BAE Systems Integrated Defense Solutions, Inc. is the successor in interest to Tracor Aerospace, Inc.

13. Defendant Barber Colman Company, Inc. is an Illinois corporation with its principal place of business in Foxboro, Massachusetts.

14. Defendant BASF Corporation is a Delaware corporation with its principal place of business in Florham Park, New Jersey. Defendant BASF Corporation is the successor in interest to Badische Corporation.

15. Defendant Bridgestone/Firestone North American Tire,

LLC is a Delaware corporation with its principal place of business in Nashville, Tennessee. Defendant Bridgestone/Firestone North American Tire, LLC is the successor to Firestone Steel Products.

16. Defendant Carolina Plating Company is a South Carolina corporation with its principal place of business in Greenville, South Carolina.

17. Defendant Cartex Corporation is a Pennsylvania corporation with its principal place of business in Fairless Hills, Pennsylvania.

18. Defendant Connell Limited Partnership (including the Mayville Metal Products Division) is a Delaware limited partnership with its principal place of business in Delaware.

19. Defendant Cooper Industries, LLC is a Delaware corporation with its principal place of business in Houston, Texas. Defendant Cooper Industries, LLC is the successor in interest to McGraw-Edison Company.

20. Defendant CNA Holdings, Inc. is a Delaware corporation with its principal place of business in Dallas, Texas. Defendant CNA Holdings, Inc. was formerly known as Hoechst Celanese Corporation and is the successor in interest to American Hoechst Corporation and Fiber Industries, Inc.

21. Defendant C.R. Bard, Inc. is a New Jersey corporation with its principal place of business in Murray Hill, New Jersey.

22. Defendant Dana Corporation is a Virginia corporation with its principal place of business in Ohio.

23. Defendant Del Monte Corporation is a Delaware corporation with its principal place of business in San Francisco, California.

24. Defendant Dunlop Sports Group Americas Inc. is a Delaware corporation with its principal place of business in Wilmington, Delaware.

25. Defendant Eaton Aeroquip Inc. is a Michigan corporation with its principal place of business in Jackson, Michigan. Defendant Eaton Aeroquip Inc. is the successor in interest to Aeroquip Corporation.

26. Defendant Electro-Plating, Inc. is a Wisconsin corporation with its principal place of business in Fon du Lac, Wisconsin.

27. Defendant Federal Cartridge Company is a Minnesota corporation with its principal place of business in Anoka, Minnesota. Defendant Federal Cartridge Company is the successor in interest to Federal Hoffman, Inc.

28. Defendant Fisher Scientific International Inc. is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania. Defendant Fisher Scientific International Inc. is the successor in interest to Apogent Technologies, Inc. and Sybron Corporation.

29. Defendant FMC Corporation is a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania.

30. Defendant Gannett Pacific Corporation is an Hawaii corporation with its principal place of business in McClean, Virginia. Defendant Gannett Pacific Corporation does business as The Greenville News, which is formerly known as The Greenville News-Piedmont.

31. Defendant General Electric Company is a New York corporation with its principal place of business in Fairfield, Connecticut. Defendant General Electric Company is the successor in interest to Radio Corporation of America.

32. Defendant General Motors Corporation is a Delaware corporation with its principal place of business in Detroit, Michigan.

33. Defendant The Gillette Company is a Delaware corporation with its principal place of business in Boston, Massachusetts. Defendant The Gillette Company is the successor in interest to Duracell Inc.

34. Defendant Greenwood Mills, Inc. is a South Carolina corporation with its principal place of business in Greenwood, South Carolina.

35. Defendant Honeywell International, Inc. is a Delaware corporation with its principal place of business in Morristown,

New Jersey. Defendant Honeywell International, Inc. is the successor in interest to Midland-Ross Corporation and Norplex.

36. Defendant HSL, Inc. is a South Carolina corporation with its principal place of business in Easley, South Carolina. Defendant HSL, Inc. is the successor in interest to Hollingsworth Saco Lowell, Inc., Platt Saco Lowell Corporation and PSL Corporation of Greenville.

37. Defendant Ingersoll Rand Company (including Torrington Company) is a New Jersey corporation with its principal place of business in Woodcliff Lake, New Jersey. Defendant Ingersoll Rand Company is the successor in interest to Torrington Bearings Company.

38. Defendant Invensys Building Systems, Inc. is a Delaware corporation with its principal place of business in Loves Park, Illinois. Defendant Invensys Building Systems, Inc is the successor in interest to Defendant Barber Colman Company, Inc.

39. Defendant Jacobs Chuck Manufacturing Company is a Delaware corporation with its principal place of business in Clemson, South Carolina. Defendant Jacobs Chuck Manufacturing Company is the successor in interest to Jacobs Manufacturing Company.

40. Defendant JPS Industries, Inc. is a Delaware corporation with its principal place of business in Greenville, South Carolina. Defendant JPS Industries, Inc. is the successor

in interest to J.P. Stevens & Co., Inc. and WestPoint Stevens, Inc.

41. Defendant Kemet Electronics Corporation is a Delaware corporation with its principal place of business in Simpsonville, South Carolina.

42. Defendant Kohler Co. is a Wisconsin corporation with its principal place of business in Kohler, Wisconsin.

43. Defendant The Knight Publishing Company, Inc. is a Delaware corporation with its principal place of business in Charlotte, North Carolina.

44. Defendant Lipe Clutch Products Company is an Ohio corporation with its principal place of business in Toledo, Ohio.

45. Defendant Lipe Rollway Company, Inc., also known as Lipe Automation Corp., is a New York corporation with its principal place of business in Milwaukee, Wisconsin.

46. Defendant Lonza, Inc. is a New York corporation with its principal place of business in Allendale, New Jersey.

47. Defendant Master Lock Company, Inc. is a Delaware corporation with its principal place of business in Oak Creek, Wisconsin.

48. Defendant Metro Machine Corp. is a Virginia corporation with its principal place of business in Norfolk, Virginia.

49. Defendant Milacron Inc. is a Delaware corporation with its principal place of business in Cincinnati, Ohio. Defendant

Milacron Inc. is the successor in interest to Cincinnati Milacron Inc.

50. Defendant Milliken & Company is a Delaware corporation with its principal place of business in Spartanburg, South Carolina.

51. Defendant Millennium Holdings, LLC (including SCM Pigments) is a Delaware corporation with its principal place of business in Houston, Texas.

52. Defendant Nassau Metals Corporation is a New York corporation with its principal place of business in Murray Hill, New Jersey.

53. Defendant National Tank Service of Wisconsin, Inc. is a Wisconsin corporation with its principal place of business in West Allen, Wisconsin.

54. Defendant NI Industries, Inc. is a Delaware corporation with its principal place of business in Bloomfield Hills, Michigan.

55. Defendant Northop Grumman Space & Mission Systems Corp. is a Delaware corporation with its principal place of business in Los Angeles, California. Defendant Northop Grumman Space & Mission Systems Corp. is the successor to Lucas Industries, Inc. and TRW, Inc.

56. Defendant Philips Electronics North America Corporation is a Delaware corporation with its principal place of business in

New York, New York. Defendant Philips Electronics North America Corporation is the successor in interest to Philips Components, Inc.

57. Defendant PSC Custom, LP is Minnesota limited partnership with its principal place of business in St. Cloud, Minnesota. PSC Custom, LP is the successor in interest to Penske Truck Services, Inc.

58. Defendant Progress Lighting, Inc. is a Delaware corporation with its principal place of business in Orange, Connecticut.

59. Defendant Quaker Chemical Corporation is a Pennsylvania corporation with its principal place of business in Conshohocken, Pennsylvania.

60. Defendant RMAX, Inc. is a Texas corporation with its principal place of business in Dallas, Texas.

61. Defendant Robert Bosch Corporation is a Delaware corporation with its principal place of business in Broadview, Illinois.

62. Defendant Rockwell Automation, Inc. is a Delaware corporation with its principal place of business in Milwaukee, Wisconsin. Defendant Rockwell Automation, Inc. is the successor in interest to Allen Bradley Company, Inc.

63. Defendant Rockford Products Corporation is a an Illinois corporation with its principal place of business in

Rockford, Illinois.

64. Defendant Schaeffler Group USA, Inc. is a Delaware corporation with its principal place of business in Fort Mill, South Carolina. Defendant Schaeffler Group USA, Inc. is the successor in interest to Andrews Bearing, Co. and INA-USA, Inc.

65. Defendant Spartanburg Steel Products, Inc. is a South Carolina corporation with its principal place of business in Spartanburg, South Carolina.

66. Defendant Square D Company, Inc. is a Delaware corporation with its principal place of business in Palatine, Illinois.

67. Defendant Sta-Rite Industries LLC is a Wisconsin corporation with its principal place of business in Delavan, Wisconsin. Defendant Sta-Rite Industries LLC is the successor in interest to Fluid Controls, Inc.

68. Defendant Sequa Corporation is a Delaware corporation with its principal place of business in New York, New York. Defendant Sequa Corporation was formerly known as Sun Chemical Corporation.

69. Defendant Textron, Inc. is a Delaware corporation with its principal place of business in Providence, Rhode Island. Defendant Textron, Inc. is the successor in interest to The Homelite Corporation.

70. Defendant TransTechnology Corporation is a Delaware

corporation with its principal place of business in Union, New Jersey. Defendant TransTechnology Corporation is the successor in interest to Space Ordnance Systems.

71. Defendant Tifco Inc. is a Texas corporation with its principal place of business in Houston, Texas.

72. Defendant Tipper Tie, Inc. is a Delaware corporation with its principal place of business in Apex, North Carolina.

73. Defendant TriMas Corporation is a Delware corporation with its principal place of business in Michigan.

74. Defendant Tyco Electronics Corporation is a Pennsylvania corporation with its principal place of business in Harrisburg, Pennsylvania. Defendant Tyco Electronics Corporation is the successor in interest to Communication Instruments, Inc.

75. Defendant Union Carbide Corporation is a New York corporation with its principal place of business in Houston, Texas.

76. Defendant Vishay Intertechnology, Inc. is a a Delaware corporation with its principal place of business in Wendell, North Carolina. Defendant Vishay Intertechnology, Inc is the successor in interest to Measurements Group, Inc.

77. Defendant VyTech Industries, Inc. is a Delaware corporation with its principal place of business in Anderson, South Carolina. Defendant VyTech Industries, Inc. is the successor to Stauffer Chemical Company's Anderson, South Carolina

facility.

78. Defendant Volvo Trucks North America, Inc. is a Delaware corporation with its principal place of business in Greensboro, North Carolina. Defendant Volvo Trucks North America, Inc. is the successor to Defendant Volvo White Truck Corporation.

79. Defendant Waste Conversion Company, Inc. is a Pennsylvania corporation with its principal place of business in Hatfield, Pennsylvania.

80. Defendant Watlow Missouri, Inc. is a Missouri corporation with its principal place of business in St. Louis, Missouri. Defendant Watlow Missouri, Inc. was formerly known as Watlow Industries, Inc.

81. Defendant York Tape and Label, Inc. is a Pennsylvania corporation with its principal place of business in York, Pennsylvania.

GENERAL ALLEGATIONS

82. The Site is a 61 acre area five miles east of Greer, South Carolina where hazardous substances have generally come to be located. From 1960 until 1974, the City of Greer owned a 10 acre portion of the Site and used it as a municipal landfill. Hazardous substances were disposed of at the landfill.

83. In 1974, Groce Laboratories, Inc. ("Groce") purchased a 20 acre parcel that included a portion of the 10 acre landfill

and operated a hazardous waste treatment, storage, and reclamation facility on the 20 acre parcel.

84. In 1987, a corporate entity that later changed its name to Aqua-Tech Environmental, Inc. ("Aqua-Tech") purchased all the stock of Groce and continued hazardous waste operations.

85. From 1982 through 1991, Groce and/or Aqua-Tech entered into various consent orders with the South Carolina Department of Health and Environmental Control ("SCDHEC") to redress numerous instances of unpermitted storage and discharge of hazardous waste, including at a process distillation area used to collect extremely hazardous substances for neutralization. In 1991, due to continuing hazardous waste violations, SCDHEC ordered closure of the facility.

86. In 1994, EPA listed the Site on the National Priorities List ("NPL").

87. Section 107(a) of CERCLA, 42 U.S.C. §9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section --
>
> * * *
>
> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment . . . of hazardous substances owned or possessed by such person, by any other party or entity, at any facility . . . owned or operated by another party or entity and containing such hazardous substances. . .
>
> * * *

> from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for --
>
> (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan. . . .

42 U.S.C. § 9607(a).

88. The Site is generally contaminated with the numerous hazardous substances, including but not limited to, lead, mercurys; PCB 1242, Thallium, 1,1,2,2 -Tetrachloroethane, 1,1-Dichloroethene, Benzene, cis-1,2-Dichloroethene, Tetrachloroethene, Trichloroethene and Vinyl Chloride.

89. The Site is a facility as defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

90. A release of hazardous substances at or from the Site has occurred. There is a threat of further release of hazardous substances from the Site.

91. To date, the United States has incurred costs of removal or remedial action in response to a release or threatened release of a hazardous substance at or from the Site. The United States continues to incur response costs, including costs of enforcement.

<u>FIRST CLAIM FOR RELIEF</u>
(Cost Recovery against
All Defendants as Arrangers)

92. Plaintiff realleges and incorporates by reference paragraphs 1 through 91 as if fully set forth herein.

93. Each Defendant arranged with another party for the

disposal or treatment at the Site of a hazardous substance, owned or possessed by such Defendant. The Site was owned or operated by another party and contains such hazardous substances. There have been releases and threats of release of hazardous substances at and from the Site.

94. Defendants are jointly and severally liable to the United States under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all costs of removal and remedial action incurred by the United States in connection with the Site that are not inconsistent with the National Contingency Plan.

SECOND CLAIM FOR RELIEF
(Declaratory Judgment
against All Defendants)

95. Plaintiff realleges and incorporates by reference paragraphs 1 through 94 as if fully set forth herein.

96. Plaintiff is entitled to entry of a declaratory judgment that each of the Defendants is jointly and severally liable for all future costs of removal and remedial action incurred in response to a release or threatened release of a hazardous substance at or from the Site, not inconsistent with the National Contingency Plan.

PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court:

A. Enter judgment against all Defendants, jointly and severally, in favor of the United States for all previously

unreimbursed costs of removal and remedial action incurred by the United States in response to the release or threatened release of a hazardous substance at or from the Site, plus interest;

B. Enter a declaratory judgment against all Defendants and in favor of the United States declaring the Defendants liable, jointly and severally, for all costs of removal or remedial action to be incurred by the United States in response to the release or threatened release of a hazardous substance at or from the Site, not inconsistent with the National Contingency Plan; and

C. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Date: 12/22/05

W. BENJAMIN FISHEROW
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division

Date: 12/19/05

JAMES R. MacAYEAL
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P. O. Box 7611
Washington, D.C. 20044-7611
(202) 616-8777

JONATHAN S.GASSER
United States Attorney
ROBERT F. DALEY, JR. (#6460)
Assistant United States Attorney
District of South Carolina
1441 Main Street, Suite 500
Columbia, South Carolina 29201
(803) 929-3000

OF COUNSEL:

ELISA ROBERTS
Office of Regional Counsel
U.S. Environmental Protection Agency
Region 4
61 Forsyth Street, SW
Atlanta, Georgia 30303